UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                CIVIL ACTION NO.01-70684

        v.                            DISTRICT JUDGE JULIAN ABELE COOK JR.

TERICIA L. EARL a/k/a           MAGISTRATE JUDGE VIRGINIA MORGAN
TERICIA FRAZIER,

        Defendant.
_____/

### REPORT AND RECOMMENDATION TO DENY IN PART DEFENDANT'S OBJECTION TO GARNISHMENT

This matter is before the court on the motion of the defendant to have the 25 percent garnishment stopped. A hearing was held before the magistrate judge at which defendant was permitted to appear by telephone. Although referred for hearing and determination, because this is a post-judgment matter, our jurisdiction (absent consent) is limited to a Report and Recommendation. Post-judgment objections to garnishment, as well as requests to set aside default judgment, are not pretrial matters, and therefore a Magistrate Judge referred these matters without consent under 28 U.S.C. § 636(c) must proceed by Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(b). *Massey v. City of Ferndale,* 7 F.3d 506, 510 (6th Cir. 1993); *United States v. Tyson,* 265 F.Supp.2d 788, 789 (E.D. Mich. 2003) See also, *United States v. Storks* 2009 WL 1076302, 1 (E.D. Mich. 2009). For the reasons discussed on the record, it is

recommended that the amount of the garnishment be reduced and limited to $75.00 per pay period. Counsel for plaintiff is to submit a proposed order in conformance with this recommendation to the district judge for signature.

*Background*

A default judgment was entered by the district judge in 2001. Defendant was found liable for over $8,000.00 in unpaid student loan obligations. In 2001 following entry of default judgment, garnishment was initiated and a show cause hearing was held in September, 2001, before the district judge. The parties reached an agreement and nothing more was filed until 2005. At that time, the United States sought another writ of continuing garnishment. In November, 2005, the district judge entered an order directing garnishee United States Postal Service to comply with the garnishment. In 2008, the United States again requested garnishment following defendant's change of employment to Verizon Wireless. Plaintiff United States obtained a Writ of Garnishment for defendant's wages in January, 2009. This garnishment was for 25 percent of defendant's non-exempt disposable income (i.e. wages), which the parties agree is about $300.00 per biweekly pay period. Shortly after the garnishment began, defendant contacted counsel for the government in order to try and negotiate a resolution so she could pay less. Counsel for the government agreed that defendant could make a one time $500.00 payment to be followed by $45.00 per pay period. Defendant sent counsel a check for $500 which was returned for insufficient funds; she then did not contact counsel further, despite being requested to do so. In May, 2009, she filed a request for a hearing on the garnishment. Based on statements at the hearing, plaintiff has not made any voluntary payments on her student loan

obligations since 1996. She made representations of her financial status but submitted no documentary evidence. At the hearing, defendant stated that she could not afford the garnishment because she had to buy a new used car. She was unwilling pay even $45.00 a pay period. She would not agree to the government's proposal for $75.00, (barely covering interest on the debt) despite the calculation that this would give her an extra $225.00 per pay period. She expressed her inability to pay, that she had to buy car, had five children, and a husband who was receiving unemployment benefits which had recently stopped but were pending an extension request. She was thinking of filing bankruptcy.

*Legal Analysis*

Administrative Wage Garnishment is authorized by Section 31001(o) of the Debt Collection Improvement Act of 1996 (DCIA), Pub.L. 104-134, 110 Stat. 1321-358 (April 26, 1996), codified at 31 U.S.C. §3720D. *Harrill v. U.S. Dept. of Educ.* 2009 WL 230126, 4 (S.D.Ohio,2009). This permits garnishment of a debtor's wages without obtaining a court order. While financial hardship is a valid objection to garnishment, the debtor bears the burden of proof. 34 C.F.R. 34.14(c)(1); see, *Harrill v. U.S. Dept. of Educ.* 2009 WL 230126, 2 (S.D.Ohio,2009). In this case, defendant has not submitted any evidence that her wages should not be garnished. She claims that she needs the money for living expenses. However, no further evidence was forthcoming.

Defendant indicated that she was thinking of filing bankruptcy. The court is sympathetic to defendant's plight and it may be true that certain circumstances will permit this debt to be discharged in bankruptcy. At the hearing, the court expressed the view that it is unlikely that this

debt would be dischargeable. This was based on part on defendant's absence of any voluntary payments in over 10 years. However, defendant may pursue her options in bankruptcy if she wishes. Nevertheless, until such debt is discharged by the bankruptcy court, plaintiff has an obligation to pay the debt.

Counsel for the government has shown a high degree of reasonableness and willingness to work with defendant. However, despite agreeing to a one time payment of $500.00, she sent an NSF check and then refused to discuss the matter further with counsel. Garnishment was limited to 25 percent of disposable funds. The plaintiff is entitled to keep those amounts previously garnished and apply them consistent with the Debt Collection Act. The court and counsel for plaintiff have endeavored to reduce the amount going forward. Here, the government was amenable to a garnishment order of $75.00, substantially less than the $300.00 permitted. This amount takes into account defendant's other expenses and her circumstances but barely covers the interest on the loan. This amount seems to be the least amount that is reasonable.

Therefore, it is recommended that the plaintiff retain all funds previously garnished and apply them pursuant to the Debt Collection Act, that the amount of garnishment going forward be reduced and that the sum of $75.00 be authorized to be garnished from defendant's wages. These terms are to be included in the proposed order submitted by government counsel and it is recommended that the same be entered by the district judge.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as

provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

    Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

                              S/Virginia M. Morgan
                              Virginia M. Morgan
                              United States Magistrate Judge

Dated: July 14, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and defendant via the Court's ECF System and/or U. S. Mail on July 14, 2009.

                              s/Jane Johnson
                              Case Manager to
                              Magistrate Judge Virginia M. Morgan