UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

TERICIA L. EARL, a/k/a                    Case No. 01-70684
TERICIA FRAZIER,                        Honorable Julian Abele Cook, Jr.

        Defendant,

and

VERIZON WIRELESS,

        Garnishee.

ORDER

      The underlying dispute in this case relates to a claim by the Plaintiff, the United States of America ("Government"), that the Defendant, Tericia L. Earl (also known as Tericia Frazier), has failed to satisfy her student loan obligations. On April 26, 2001, a default judgment in the sum of $5,626.69 plus interest was entered against her. Two writs of garnishment by the Government followed. The first writ of garnishment was issued on November 1, 2005 against Earl's then-employer, the United States Postal Service. Nearly three years later, the Government initiated another writ of garnishment that was directed to her new employer, Verizon Wireless.

      On May 1, 2009, Earl, who had not made any voluntary payments since 1996 and feeling aggrieved by these allegedly intrusive garnishment actions by the Government, submitted a request

1

to the Court to place a halt upon these efforts to collect the outstanding student loan obligations.

I.

Under the Debt Collection Improvement Act of 1996, a debtor's wages may be garnished by "the head of an executive, judicial, or legislative agency that administers a program that gives rise to a delinquent nontax debt owed to the United States by an individual[.]" 31 U.S.C. § 3720D. Financial hardship is a valid objection to a garnishment, but the debtor "bear[s] the burden of proving by a preponderance of the credible evidence that withholding the amount of wages proposed in the notice would leave [the debtor] unable to meet the basic living expenses of [the debtor] and [the debtor's] dependents." 34 C.F.R. § 34.14(c)(1). To satisfy this burden, the debtor "must prove by credible documentation - (i) The amount of the costs incurred by [the debtor], [the debtor's] spouse, and any dependents, for basic living expenses; and (ii) The income available from any source to meet those expenses." *Id.* at § 34.24 (e)(1).

In the instant case, Earl asserts that the $300 biweekly return on the garnishment action by the Government places a financial hardship upon her family, noting that she has "an unemployed spouse, five children and a rental agreement of $1,100 monthly payment and daily living expenses." Moreover, it is her concern that this biweekly garnishment may cause her to favorably consider resorting to bankruptcy as a means of financial survival. Nevertheless, Magistrate Judge Morgan, as reflected within her recommendation to the Court, "endeavored to reduce the amount [to be garnished from each biweekly paycheck]" to $75 every two weeks.

On the basis of the current record, the Court concludes that the recommendation of Magistrate Judge Morgan (i.e., that Earl's garnishment be reduced to $75 each pay period) is fair and reasonable under the circumstances. This figure, as proffered by Magistrate Judge Morgan,

represents an amount that barely covers the interest on Earl's governmental loan. Therefore and for the reasons that have been stated above, Earl's request to halt the efforts by the Government to garnish twenty-five percent of her biweekly pay period is denied. However, the Court authorizes the Government to continue its garnishment efforts to recover the sum of $75 per biweekly pay period from Earl's paycheck until such time as she has fully satisfied her student loan obligations or any other order from the Court.

IT IS SO ORDERED.

Dated: September 11, 2009      S/Julian Abele Cook, Jr.
       Detroit, Michigan       JULIAN ABELE COOK, JR.
                               United States District Court Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on September 11, 2009.

s/ Kay Doaks
Case Manager